Robert J. Mangum, J.
In this motion claimant seeks summary judgment against the State of New York.
Claimant entered into a security agreement with City Wide Transportation Co. (City Wide) on August 19,1968 for the purpose of securing a loan. Pursuant to the agreement, and in consideration of the loan, City Wide assigned “ all accounts and contract rights, now existing or hereafter arising” to claimant.
Subsequently, in June, 1970, City Wide entered into an agreement with the New York State Park Commission wherein they agreed to provide bus transportation from various points in Brooklyn and Manhattan to ¡several ¡State operated parks.
*129 Although City Wide completed performance of this service by August 31, 1970 the written contract was later rejected by the Comptroller’s office.
The notice of intention was timely filed on April 6,1971, within six months.after accrual of the claim.
The State has made partial payment leaving a disputed balance of $69,144.69. Claimant, as assignee of City Wide’s rights under the contract, seeks judgment for this amount. The State, in opposition to the motion, asserts a setoff for uncollected withholding taxes due from City Wide in the sum of $78,076.88 which they allege has priority over the assignee’s claim.
Claimant’s interest in the proceeds of this dispute, was ■originally as assignment of a future right. The right, being contingent upon the execution of an unspecified contract that could only be performed after the effective date of the security agreement, was not the transfer of a present interest.
Notwithstanding the legal status of claimant’s assignment in 1968, its interest did ripen into an enforceable, presently existing right. The future right matured into a present interest when the right to the proceeds of the account came into existence; to wit, August 31, 1970. That the account was uncertain as to amount is of no moment, since a quantum meruit obligation existed. (Matter of Holt, 28 A D 2d 201, 205-206.)
Pursuant to section 9-204 of the Uniform Commercial Code statutory authority exists for the enforcement of after-acquired property rights. This section provides that an interest assigned in a contract or account not in existence at the creation thereof, will mature when the contract has been made or the account comes into existence.
This legislation appears to be a codification of case law decided prior to the effective date of the statute. (See Moorstein & Co. v. Excelsior Ins. Co. of Syracuse, 25 N Y 2d 651; Stathos v. Murphy, 26 A D 2d 500, affd. 19 N Y 2d 883.)
Claimant alleges it has a priority over the State’s claim for withholding taxes because its security interest vested before the State acquired a lien through the filing of warrants. Alternatively, claimant contends that at best the State should only be permitted an offset to the extent of warrants filed prior to the time the State received notice of the assignment; to wit, the day the claim was filed with this court.
The circumstances presented here do not give rise to an issue of priority of liens. This is not a situation where two creditors with perfected interests are competing to subordinate the other’s right to attach proceeds belonging to and held by the debtor. *130 (See Matter of Gruner, 295 N. Y. 510, 523-524.) Neither do the facts disclose an effort by the State to attach proceeds in the hands of a third party. Bather, the State holds the fund against which it desires to debit a sum the assignor concededly owes the State.
The State, as an “ account debtor, ” may lawfully assert in this proceeding any claim or defense it has against the assignor which accrued before it received notice of the assignment. (Uniform Commercial Code, § 9-318, subd. [1], par. [b].) The rights acquired by claimant pursuant to its assignment are no greater than those of its assignor. (Chemical Bank N. Y. Trust Co. v. State of New York, 27 A D 2d 427.)
Since the State’s claim arose when the taxes became due it would be patently unfair to require the State, in order to perfect its claim against a fund it now holds, to first file a warrant. Therefore, for the purposes of ascertaining the amount of the setoff, the period in which these taxes became due will control.
In view of the fact the right to taxes accrued before the State had notice of the assignment and the aggregate amount of these taxes is greater than the proceeds upon which claimant seeks judgment, claimant’s motion for summary judgment must be denied.
Since the State is entitled to a setoff for taxes in an amount greater than any proceeds it holds, the court, pursuant to subdivision (b) of-CPLB 3212, grants summary -judgment dismissing the claim, and denies claimant’s motion for summary judgment.